UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS L. PELLETT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:07CV1683 CDP |
| ) | |
| U.S. BANK PENSION PLAN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiffs originally filed this ERISA action in September of 2007, alleging that defendant miscalculated certain balances in assessing the value of their retirement accounts. The case was stayed in September of 2008 pending the Eighth Circuit Court of Appeal's decision in a substantially similar case brought by different plan participants. *See Sunder v. U.S. Bancorp Pension Plan*, 586 F.3d 593 (8th Cir. 2009). After the Eighth Circuit's decision in *Sunder*, plaintiffs filed a motion to amend their complaint, which I granted in July of 2010. Discovery is underway, but plaintiffs now move to transfer this case to the Southern District of Illinois under 28 U.S.C. § 1404(a). Specifically, plaintiffs wish to seek consolidation of their claims with those of the plaintiffs in *Mezyk, et al. v. US Bank Pension Plan, et al.*, no. 3:09cv384 JPG (S.D. Ill. filed May 21, 2009), contending the *Mezyk* litigation contains identical issues as in this case, including

a request that a class be certified under Fed. R. Civ. P. 23, and because significantly more discovery has occurred in the *Mezyk* litigation. Defendant has not responded in opposition to plaintiff's motion.

28 U.S.C. § 1404(a) permits a district court in the interest of justice to transfer any civil action to another district where it might have been brought for the convenience of the parties and witnesses. Although the statute lists three factors to consider when making this determination (i.e., the interest of justice and the convenience of the parties and witnesses), "a motion to transfer . . . calls on the district court to weight in the balance a number of case-specific factors." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (factors include, for example, the possibility of delay and prejudice if the case is transferred and practical considerations such as where the case can be tried more expeditiously and inexpensively)).

Actions under ERISA such as this one may be brought "in the district where the plan is administered, where the breach took place, or where defendant resides or may be found . . . " 29 U.S.C. § 1132(e)(2). A plan may be "found" in a district if the plan has "the sort of minimum contacts with that district that would support the exercise of personal jurisdiction under the rule of *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)." *Waeltz v. Delta Pilots Ret. Plan*, 301 F.3d

804, 810 (7th Cir. 2002) (internal quotation marks and parallel citations omitted). Under the well-established minimum contacts rule announced in *International Shoe*, a court may exercise personal jurisdiction over a defendant if the defendant has such contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316 (internal citation omitted).

Here, plaintiffs submit that the plan has sufficient contact with the transferee state – Illinois – to satisfy *International Shoe* and, in turn, to allow a plaintiff to bring this action in Illinois under ERISA's venue clause, 29 U.S.C. § 1132(e)(2). Defendant does not oppose this argument, and I conclude plaintiffs are correct. Many of the proposed class members include citizens of Illinois whose retirement accounts' opening balances were allegedly miscalculated when defendant set them up. In addition, the pendency of an almost identical action, *Mezyk*, in the Southern District of Illinois reveals that plaintiffs could have originally filed this action in that forum.

Moreover, I conclude that the transfer would be in the interests of justice. If the action is consolidated with the *Mezyk* litigation as plaintiffs intend,[1] plaintiffs may take advantage of the discovery already completed in *Mezyk*, and their claims

---

[1] Plaintiffs contend in their brief that they have conferred with counsel for plaintiffs in the *Mezyk* litigation, and that they plan to file a joint motion for consolidation if the case is transferred. Of course, wether the cases are actually consolidated is an issue for the transferee court.

could be certified as a class action and proceed to trial more quickly than they would if the case were not transferred. Additionally, the distance is not great, so there is no greater inconvenience to the parties or witnesses if the case is transferred. Defendant itself previously requested a stay of this action in July of 2010 because of the *Mezyk* litigation and has not responded in opposition, so it has not presented any convenience factors that would justify my denying plaintiffs' motion to transfer.

Finally, as plaintiffs point out, their original choice of forum – this Court – should not be disturbed "unless the movant makes a clear showing that the balance of interests weighs in favor of the movant." *General Comm. of Adjustment GO-386 v. Burlington N. R.R.*, 895 F. Supp. 249, 252 (E.D. Mo. 1995). However, I conclude that plaintiffs have made such a showing. Transferring this case will prevent duplicative discovery and litigation, including the issues of whether plaintiffs should be certified as a class and whether defendants violated ERISA when establishing plaintiffs' opening balances, and no prejudice to any party or witness appears before me in the record.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to transfer this case to the Southern District of Illinois [#43] is granted, and the Clerk of the Court shall

transfer this case to the United States District Court for the Southern District of Illinois (East St. Louis). 28 U.S.C. § 1404(a).

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of September, 2010.