IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH J. MEZYK, et al., individually, and on behalf of all those similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　　　vs.<br><br>U.S. BANK PENSION PLAN and<br>U.S. BANCORP, INC.,<br><br>　　　　　　Defendants.<br><hr>THOMAS L. PELLETT, et al., individually, and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　　　vs.<br><br>U.S. BANK PENSION PLAN,<br><br>　　　　　　Defendant. | Case No. 3:09-cv-384-JPG-DGW<br><br><br><br><br><br>Consolidated with:<br><br><br><br>Case No. 3:10-cv-696-JPG-DGW |

**MEMORANDUM AND ORDER**

Before the Court is the Joint Motion for Final Approval of Class Action Settlement (Doc. 154). The Court certified two settlement classes under Fed R. Civ. P. 23(b)(1) on July 16, 2012 (Doc. 142). On the same day, the Court preliminarily approved the settlement, approving the form of Settlement Notice and directing the manner of delivery and distribution thereof, and scheduling a hearing to consider the fairness of the settlement pursuant to Fed. R. Civ. P. 23(e) (Doc. 143). The Court entered an order on August 28, 2012, modifying an overbreadth in the original class definitions that came to light during the notice period (Doc. 148). The Court received declarations attesting to the delivery and distribution of the Settlement Notice in

accordance with the Preliminary Order (Doc. 155-1).  The Court held a Fairness Hearing on November 2, 2012, to (i) determine finally whether this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(b)(1); (ii) consider the fairness of the settlement, pursuant to Fed. R. Civ. P. 23, and determine whether to enter this Final Order approving the settlement; and (iii) determine whether the proposed allocation of the settlement fund is fair and reasonable and should be approved.  The Joint Motion for Final Approval of Class Action Settlement (Doc. 154) **GRANTED**.

**IT IS HEREBY ORDERED:**

1. The Court has jurisdiction over the subject matter of the action, Class 1 and Class 2, and Defendants pursuant to 29 U.S.C. 1132(e) and 28 U.S.C. § 1331.

2. In accordance with the Court's Preliminary Order, Settlement Notice was timely given to all members of Class 1 and Class 2 who could be identified with reasonable effort by September 24, 2012, and pursuant to the Class Action Fairness Act was provided to the Attorneys General for each of the states in which a class member resides.  The form and methods of notifying the Classes of the terms and conditions of the proposed Settlement Agreement met the requirements of Fed. R. Civ. P. 23, any other applicable law, and due process, and constituted the best notice practicable under the circumstances and due and sufficient notice to all persons and entities entitled thereto.

3. The settlement, as amended orally at the November 2, 2012, hearing to change § 10.1.3 to read in its entirety:

   Class Representatives and Class Counsel agree that these measures set forth in this Section 10 will satisfy the notice requirement of the Class Action Fairness Act of 2005 and 28 U.S.C. § 1715(b) in particular.

    is **APPROVED** as fair, reasonable and adequate.

4. The claims in this case asserted on behalf of Class 1 and Class 2 against the Defendants are hereby **DISMISSED** with prejudice.

5. The Class Representatives Joseph Mezyk, Mary Mulqueeny, Doris Carthy, Peggy Raymond, Shirley Chatman, Thomas Pellett, and Richard Williams, are hereby awarded $5,000.00 each, as compensation for their roles in prosecuting the action on behalf of the Classes, payable from the settlement fund within 10 days of this Order becoming final as set out in the terms of the Settlement Agreement (Doc. 135-1, ¶¶ 7.2.1, 7.2.8).

6. The Co-Class Counsel, David L. Steelman and Matthew H. Armstrong, are hereby awarded $2,640,000.00 in attorneys' fees, payable from the settlement fund within 10 days of this Order becoming final as set out in the terms of the Settlement Agreement (Doc. 135-1, ¶¶ 7.2.1, 7.2.7).

7. The Co-Class Counsel, David L. Steelman and Matthew H. Armstrong, are hereby awarded $200,000.00 in reimbursable costs, payable from the settlement fund within 10 days of this Order becoming final as set out in the terms of the Settlement Agreement (Doc. 135-1, ¶¶ 7.2.1, 7.2.5).

8. The members of Class 2 are awarded $819,496.44 as set out in Exhibit A to the Settlement Agreement, payable from the settlement fund within 10 days of this Order becoming final as set out in the terms of the Settlement Agreement (Doc. 135-1, ¶¶ 7.2.1, 7.2.9, Ex. A).

9. The members of Class 1 are awarded the remainder of the settlement fund *pro rata*, payable from the settlement fund within 10 days of this Order becoming final as set out in the terms of the Settlement Agreement (Doc. 135-1, ¶¶ 7.2.1, 7.2.10).

10. The Land of Lincoln Legal Assistance Foundation, Inc. is awarded the amounts left over from the distribution of the settlement fund, if any, after 180 days of reasonable effort to locate members of Class 1 and Class 2 is exhausted (Doc. 135-1, ¶¶ 7.2.1, 7.2.9, 7.2.10, 7.2.11).

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

s/J. Phil Gilbert
**Hon. J. Phil Gilbert**
**United States District Judge**

**Dated this 5th day of November, 2012.**